IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TONY SHANE PETERS | § | |
| v. | § | CIVIL ACTION NO. 9:10cv46 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Tony Peters, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Peters was convicted on November 25, 2008, of the disciplinary offense of assaulting an officer without a weapon. He filed a Step One grievance on December 2, 2008, and a Step Two grievance on January 16, 2009, which was denied on March 4, 2009. Peters filed his federal habeas petition on February 28, 2010.

The Magistrate Judge ordered the Respondent to answer the petition. In his answer, the Respondent argued that the petition should be denied because the statute of limitations had expired. Peters filed a response to the answer arguing that the limitations period did not begin to run until the Step Two grievance was denied.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed because of the expiration of the limitations period. The Magistrate Judge stated that the position argued by Peters had been rejected by the Fifth Circuit in Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002). The Respondent argued that the period in between the

time that Peters' Step One grievance was denied and the Step Two grievance was filed should not count, but the Magistrate Judge determined that the Court need not reach that particular issue. Even when the time between the filing of the Step One grievance and the denial of the Step Two grievance is counted as one 92-day time period, the Magistrate Judge concluded that Peters' petition was untimely by three days. Thus, the Magistrate Judge recommended that the petition be denied and that Peters be denied a certificate of appealability *sua sponte*.

In his objections to the Report, Peters argued that <u>Kimbrell</u> is distinguishable because the petitioner in that case waited over a year after the hearing occurred in which to engage the grievance process, whereas he, Peters, used the grievance process in a timely manner. The relevant holding in <u>Kimbrell</u> is the Fifth Circuit's rejection of the argument that the limitation period begins to run upon the conclusion of the grievance procedure. As in <u>Kimbrell</u>, Peters' limitations period commenced at the time of the disciplinary conviction, not when his Step Two grievance was denied. Peters' objection on this point is without merit.

Second, Peters says that he should be entitled to equitable tolling for a "suicidal tendency" hospitalization which occurred in November of 2008, and a seven-day hospitalization for a suicide attempt in May of 2009. He also complains that officers have been retaliating against him, the disciplinary hearing officer refused to recuse himself from the case, he was subjected to "torture" in that he was placed in a small "unit suicide cage" for four days.

Peters' claim of equitable tolling because of hospitalization was raised for the first time in his objections to the Report of the Magistrate Judge, and thus is not properly before the Court. <u>Finley v. Johnson</u>, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* <u>United States v. Armstrong</u>, 951 F.2d 626, 630 (5th Cir. 1992); <u>Cupit v. Whitley</u>, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Even were it properly before the Court, the claim has no merit. The Fifth Circuit has stated that 13 hospitalizations over the course of one year does not necessarily provide a basis for equitable tolling of the statute of limitations. <u>Roberts v. Cockrell</u>, 319 F.3d 690, 695 (5th Cir. 2003). In this case, Peters points to two hospitalizations - one in November of 2008, the same month as his conviction,

2

and one in May of 2009. His limitations period did not expire until February of 2010, giving him ample time after his release from the hospital in May of 2009 in which to seek federal habeas corpus relief. Although he says that he suffered depression, Peters offers nothing to show that he could not have filed his petition in a timely manner. Peters' objections are without merit.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 19) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Tony Peters is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **27** day of **July, 2010.**

_____
Ron Clark, United States District Judge